UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WAYNE ROGERS, *Plaintiff*, | : <br> : <br> : <br> : Civil No. 3:21-cv-1720 (OAW) <br> : <br> v. : <br> : <br> LONG, *Defendant*. : <br> : |

## INITIAL REVIEW ORDER

Pro se Plaintiff Wayne Rogers ("Mr. Rogers" or "Plaintiff") has filed a Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendant Deputy Warden Long violated his constitutional rights by restricting Plaintiff's ability to file administrative grievances while awaiting trial in the Hartford Correctional Center ("HCC"). Because Plaintiff has failed to plead any cognizable claims, his complaint is **DISMISSED.**

### I.   STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, the court must review prisoner civil complaints and dismiss any portion that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *See* 28 U.S.C. § 1915A(b)(1)–(2). Although highly detailed allegations are not required, the Complaint must "contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556

U.S. at 678.  This plausibility standard is not a "probability requirement" but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully."  *Id.*

In undertaking this analysis, the court must "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief."  *Faber v. Metro Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted).  However, the court is "not bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions," *id.*, and "a formulaic recitation of the elements of a cause of action will not do."  *Iqbal*, 556 U.S. at 678.  Consequently, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* (citing *Twombly*, 550 U.S. at 555).  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.

With respect to pro se litigants, it is well-established that "[*p*]*ro se* submissions are reviewed with special solicitude, and 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'"  *Matheson v. Deutsche Bank Nat'l Tr. Co.*, 706 F. App'x 24, 26 (2d Cir. 2017) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 3006) (per curiam)).  *See also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards that formal pleadings drafted by lawyers.'" (internal citations omitted)).  This liberal approach, however, does not exempt pro se litigants from the minimum pleading requirements described above: a pro se complaint still must "'state a claim to relief that is plausible on its face.'"  *Mancuso*

*v. Hynes*, 379 F. App'x 60, 61 (2d Cir. 2010) (quoting *Iqbal,* 556 U.S. at 678).  Therefore, even in a pro se case, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks and citation omitted), and the court may not "invent factual allegations" that the plaintiff has not pleaded.  *Id.*

## II.   BACKGROUND

In 2021, Plaintiff was held in custody as a pre-trial detainee, at the HCC.  Compl. at 2, ECF No. 1 ("Complaint").  At that time, Deputy Warden Long was responsible for responding to administrative grievances filed by HCC inmates.  *Id.*  Between September and December of 2021, Plaintiff filed administrative grievances.  *Id.*  He sought to exhaust his claims for the purpose of litigating federal lawsuits, as required by the Prison Litigation Reform Act (PLRA).  *Id.*[1]

On December 15, 2021, Defendant informed Plaintiff that he had filed too many grievances and, thus, that he was being placed on a grievance restriction.  *Id.* at 2-3.  The grievance restriction lasted from December 15, 2021, to June 15, 2022.  *Id.* at 3.  During this six-month period, Plaintiff was authorized to file only one grievance.  *Id.*

Plaintiff was warned that he would receive a disciplinary report if he filed more than his one allotted grievance during his restriction period.  *Id.*  Such a report, according to Plaintiff, could result in a five-day placement in punitive segregation and a thirty-day imposition of some other unspecified sanction.  *Id.*

---

[1] The PLRA provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).

It is unclear from the complaint whether Plaintiff complied with or defied the terms of his grievance restriction.  *Id.*  If Plaintiff violated the terms of his grievance restriction, the complaint does not mention any related discipline stemming from his noncompliance.

Plaintiff contends that his grievance restriction, and the potential discipline he faced for any violation thereof, was unconstitutional.  *Id.* at 3-4.  To remedy the alleged violation of his constitutional rights, Plaintiff seeks monetary damages and an injunction prohibiting the Connecticut Department of Correction from placing prisoners on grievance restrictions, and from imposing punishment to enforce any such restrictions.  *Id.*, at 5.

### III.     DISCUSSION

Section 1983 of Title 42 of the United States Code creates a private federal cause of action against any person, acting under color of state law, who deprives an individual of their federally-protected rights.  *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012).  In the complaint, Plaintiff asserts that Deputy Warden Long's grievance restriction violated Plaintiff's First and Fourth Amendment Rights.  ECF No. 1 at 4.  However, when invoking the Fourth Amendment, Plaintiff references its "Due Process Clause," which strongly suggests that he intended to assert a violation of his Fourteenth Amendment rights.  *Id.*

Plaintiff also claims that the prospect of discipline for violating the terms of his grievance restriction constituted "cruel and unusual punishment."  *Id.*  Given Plaintiff's then-status as a pre-trial detainee, this claim implicates a Fourteenth Amendment cause of action.  *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2017).

    A.    <u>Due Process</u>

"The Fourteenth Amendment prohibits any State from depriving a person of life, liberty, or property without due process of law."  *Meachum v. Fano*, 427 U.S. 215, 223 (1976).  Thus, the initial inquiry in evaluating Plaintiff's due process claim is to determine whether he had a constitutionally-recognized liberty interest in making use of HCC's administrative grievance system.

The Second Circuit has recognized that neither state directives nor "state statutes . . . create federally protected due process entitlements to specific state-mandated procedures."  *Holcomb v. Lykens*, 337 F.3d 217, 224 (2d Cir. 2003).  On the basis of this holding, courts in this Circuit consistently have held that inmates have no liberty interest in the right to proper application of, or authorization to participate in, a correctional facility's administrative grievance process.  *See e.g.*, *Riddick v. Semple*, 731 Fed. Appx. 11, 13 (2d Cir. 2018); *Baltas v. Erfe*, 2020 WL 1915017 at \*33 (D. Conn. April 20, 2020) ("Thus, allegations that a prison official violated the procedures set forth in a state's administrative remedy program that is applicable to prisoner grievances do not state a claim of a violation of an inmate's constitutional rights.").  As Plaintiff's due process claim is based on his participation in such an administrative grievance process, it lacks merit.  Therefore, Plaintiff's due process claim hereby is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

    B.    <u>First Amendment</u>

Plaintiff's complaint suggests that his grievance restriction infringed upon his First Amendment right to access the court, in order "to petition the government for redress of grievances."  *See Bill Johnson's Rest. Inc. v. NLRB*, 461 U.S. 731, 741 (1983) (recognizing that "the right of access to the courts is an aspect of the First Amendment

right to petition the Government for redress of grievances"). This claim starts from the premise that the PLRA requires inmates to exhaust available administrative remedies before commencing an action in federal court. See 42 U.S.C. § 1997e(a). Plaintiff then suggests that a grievance restriction would prevent him from administratively adjudicating claims prior to filing a federal lawsuit. Plaintiff appears to conclude that his grievance restriction limited his ability to bring claims against prison officials in federal lawsuits. ECF No. 1 at 4-5.

Plaintiff's argument is flawed because the PLRA only requires inmates to exhaust "available" remedies. See 42 U.S.C. § 1997e(a); see also, Ross v. Blake, 578 U.S. 632, 643-44 (2016). When a grievance restriction prevents an inmate from exhausting administrative remedies, the inmate has no available remedy to exhaust. See Riddick, 731 Fed. App'x. at 13. Thus, PLRA exhaustion requirements are not applicable to inmates who have been prohibited from administratively grieving claims brought in a federal lawsuit. See Baltas, 2020 WL 1915017 at *33. Consequently, Plaintiff's grievance restriction did not impede his ability to bring a federal lawsuit against correctional authorities. Any claim that Deputy Warden Long infringed Plaintiff's First Amendment right to access the courts, therefore, lacks merit and is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

    C.    <u>Fourth Amendment</u>

The Fourth Amendment protects against unreasonable governmental searches and seizures. U.S. Const. amend. IV. The court cannot discern how a grievance restriction could constitute a search, a seizure, or any other kind of intrusion upon privacy. As noted, when Plaintiff asserted a violation of his Fourth Amendment rights, he most

likely intended to assert a violation of his Fourteenth Amendment rights.  To the extent though that Plaintiff did intend to plead a Fourth Amendment violation, this claim lacks merit and is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

    D.      Unconstitutional Punishment

"Under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law."  *Almighty Supreme Born Allah v. Milling*, 876 F.3d 48, 55 (2d Cir. 2017) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)).  Plainitiff contends that Deputy Warden Long's "notification" of potential discipline for a violation of a grievance restriction constitutes unconstitutional cruel and unusual punishment of a pretrial detainee.  ECF No. 1 at 4.  However, in his Complaint, Plaintiff does not allege that he ever actually was disciplined for violating the terms of his grievance restriction.  Rather, he alleges that he "was informed that . . . if more than one [grievance] were filed [during his grievance restriction period] Plaintiff would receive a disciplinary report which could hold up to five days punitive segregation and 30 (thirty) days loss of another sanction."  *Id.* at 3.

Section 1983 creates a cause of action for the "deprivation" of federally-protected rights.  *See* 42 U.S.C. § 1983.  Deputy Warden Long's mere warning that unauthorized conduct could result in discipline is not, itself, punishment.  Thus, Plaintiff has, at most, alleged that Deputy Warden Long threatened to engage in conduct which would violate the Constitution.  Because Plaintiff appears not to have been actually punished as a pretrial detainee, he has not pled a deprivation of his due process rights.[2]

---

[2] Having determined that Plaintiff has not pled facts demonstrating punishment, it necessarily follows that he has also inadequately pled a claim that he was cruelly and unusually punished.

## IV. CONCLUSION

Plaintiff's complaint [**Doc No. 1**] is **DISMISSED**.  The Clerk respectfully is directed to render judgment for the defendant and to close this case.

**IT IS SO ORDERED** at Hartford, Connecticut, this 20th day of October, 2022.

/s/
Omar A. Williams
United States District Judge